# **EXHIBIT A**

Halbig's Motion to Dismiss, With Legal Authority Incorporated

*Lafferty, et al., v. Jones, et al.*
Judicial District of Fairfield
Dkt. No. FBT-CV-18-6075078-S
July 12, 2018

| | |
|---|---|
| ERICA LAFFERTY, et al., ) | SUPERIOR COURT |
| Plaintiffs, ) | JUDICIAL DISTRICT |
| ) | OF FAIRFIELD |
| vs. ) | |
| ) | AT BRIDGEPORT, CONNECTICUT |
| ALEX JONES, et al., ) | CASE NO: FBT-CV18-6075078-S |
| Defendants. ) | |

(Clerk's stamp: OFFICE OF THE CLERK, SUPERIOR COURT, 2018 JUL 12 PM 2:00, JUDICIAL DISTRICT OF FAIRFIELD AT BRIDGEPORT, STATE OF CONNECTICUT)

## HALBIG'S MOTION TO DISMISS, WITH LEGAL AUTHORITY INCORPORATED

Defendant Wolfgang Halbig, a resident of the State of Florida, pro se and in the first person henceforth, hereby files his Motion to Dismiss, with Legal Authority Incorporated, based both on lack of personal jurisdiction and lack of subject matter jurisdiction.

I.   *The complaint must be dismissed for lack of personal jurisdiction.*

In *Pronovost v. Tierney*, 174 Conn. App. 368, 166 A.2d 852 (2017), the Connecticut appellate court reviewed the two-part test for determining whether it had personal jurisdiction over a nonresident defendant. The first part of the test involves application of Connecticut's long-arm statute, which states in pertinent part as follows:

> **Sec. 52-59b. Jurisdiction of courts over nonresident individuals, foreign partnerships and foreign voluntary associations. Service of process.** (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual… who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state, *except as to a cause of action for defamation of character arising from the act*; (3) commits a tortious act outside the state causing injury to person or property within the state, *except as to a cause of action for defamation of character arising from the act*, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or

1

104

> international commerce; (4) *owns, uses or possesses any real property situated within the state*; or (5) *uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as defined in subdivision (3) of subsection (a) of said section, located within the state.*

(Emphasis added.) Plaintiffs have not alleged I own, use, or possess any real property situated within Connecticut, nor that I have used a computer or computer network located within the state. Thus, grounds (4) and (5) are inapplicable.

As to grounds (2) and (3), as can be seen from the italicized language the long-arm statute excludes jurisdiction over me for any cause of action related to defamation. Count II, defamation and defamation per se, is automatically excluded from the court's jurisdiction under the long-arm statute, therefore, and the other four counts are, as well, being derivative of or functionally equivalent to defamation: Count I, false light invasion of privacy (based on "outrageous lies about the plaintiffs that represented ... major misrepresentations of the plaintiffs' character, history, activities, or beliefs"); Count III, intentional infliction of emotional distress (based on "outrageous and false statements about the plaintiffs"); Count IV, negligent infliction of emotional distress (based on "malicious lies"); and Count V (based on the "dissemination of lies" under the Connecticut Unfair Trade Practices Act). These counts may not be maintained against me, per the express terms of the long-arm statute. Although Counts I through IV also include claims of civil conspiracy, the conspiracy is dependent on the tort of defamation. It is not independently actionable. *Weissman v. Koskoff, Koskoff & Bieder, P.C.*, Superior Court, judicial district of Hartford, Docket No. CV–10–6012922–S, 2011 WL 590461 (January 19, 2011), *aff'd*, 136 Conn.App. 557, 46 A.3d 943 (2012).

The only ground which is left to justify personal jurisdiction over me is "(1) transacts any business in the state." Plaintiffs have failed to allege that I have transacted any business in the

2

State of Connecticut. Delivering testimony to a school board, contacting residents of a Connecticut city, and filing requests for public records under Connecticut statutory law do not constitute the transaction of business. Although par. 63 alleges I have "raised more than $100,000, largely on GoFundMe.com, for [my] activities," there is nothing to suggest that "my activities" involve the transaction of business. Instead, they constitute the exercise of my rights of free association and speech under the First Amendment to the United States Constitution, including petitioning the government for redress of grievances.

As in *Provonost*, the analysis under Connecticut's long-arm statute is sufficient to determine that the court lacks personal jurisdiction over me. The case against me must be dismissed with prejudice.

> II. *The complaint must be dismissed for lack of subject matter jurisdiction, since the plaintiffs lack standing to sue.*

As mentioned, Plaintiffs' complaint contains five claims against me, all of which are defamation or its functional equivalent: they rely on the falsity of my statements about the plaintiffs.

Due process requires that defamation be pleaded with specificity. A plaintiff must specifically allege what defamatory statements were made, by whom, and to whom. Imprecise pleading is not permitted. *Stevens v. Helming*, 163 Conn. App. 241 (2016). In *Stevens*, the court examined whether a claim by the plaintiff that a statement the defendant had made, referred to as the "one-to-five year allegation," had been specifically pleaded. To support its finding that it was not, in fn. 3 it recited a litany of Superior Court holdings it found persuasive:

> A claim of [defamation] must be *pl[eaded] with specificity, as the precise meaning and choice of words employed is a crucial factor* in any evaluation of falsity. The allegations should set forth facts ... sufficient to apprise the defendant of the claim made against

3

> him.... *[A] complaint for defamation must, on its face, specifically identify what allegedly defamatory statements were made, by whom, and to whom....*" *Chertkova v. Connecticut General Life Ins. Co.,* Superior Court, judicial district of New Britain, Docket No. CV–98–0486346–S, 2002 WL 1902988 (July 12, 2002), *aff'd,* 76 Conn.App. 907, 822 A.2d 372 (2003); see also *Weissman v. Koskoff, Koskoff & Bieder, P.C.,* [*supra*],; *Crosby v. HSBC North American Holdings, Inc.,* Superior Court, judicial district of Ansonia–Milford, Docket No. CV–06–5000378–S, 2007 WL 1599848 (May 16, 2007). ...

(Emphasis added.) The same standard applies to false light invasion of privacy, as *Weissman, supra,* held. The *Weissman* case is of particular interest, since the defendant law firm Koskoff, Koskoff & Bieder, P.C., represents the plaintiffs in the present case. Its motion for summary judgment on the ground that the claims of defamation and false light invasion of privacy made by its former employee—a smear campaign which closed all doors on possible future employment--were not specific enough was granted. Koskoff has committed the same fault in this case, and dismissal--by the precedent it advanced and won on in *Weissman*--is warranted.

Finally, in *Parnoff v. Mooney,* 2008 WL 1822778 (unpublished), at 3, the superior court for the District of Fairfield said, "Although the plaintiff alleges that 'the defendant caus[ed] to be published, on one or more occasions, to one or more parties, false, libelous and derogatory information concerning the plaintiff, the effect of which was to impugn the plaintiff's reputation, general competence and integrity in the operation of his business and the practice of his profession' ... [t]he plaintiff does not adequately specify anything." The court thus struck the defamation count.

The plaintiffs in the present case have similarly failed to meet the standard of specificity. Nowhere in their complaint do they set forth any actual statement alleged to be defamatory—and the choice of words is crucial--or identify when or to whom I made it. For example, at par. 59 of the Complaint, they allege I have:

4

> ...made more than 22 trips to Connecticut relating to the allegations of this Complaint, including delivering highly confrontational testimony before the Newtown Board of Education....

"Relating to the allegations of this Complaint" does not meet the standard, since it does not specify what words were used, nor does "confrontational" mean "false," nor is any specific statement recited.

At par. 58, they say, "On numerous occasions, [Defendant Alex] Jones has hosted on his show Wolfgang Halbig, a self-styled investigator who is amongst the most prominent of those people who falsely claim that the Sandy Hook shooting was a hoax." This is also a general statement which does not refer to any of the plaintiffs by name. Although Plaintiffs recite a statement, at par. 67, which someone connected to me supposedly made to Leonard Pozner ("Wolfgang does not wish to speak with you unless you exhume Noah's body and prove to the world you lost your son"), not only is Leonard Pozner not a plaintiff in this suit, but I am not even the one who made the statement.[1] The United States Supreme Court has held, as a matter of First Amendment law, that a statement must be "of and concerning" the plaintiff for that individual to bring a defamation claim over that statement. *Rosenblatt v. Baer*, 383 U.S. 75, 81 (1966); *New York Times v. Sullivan*, 376 U.S. 254, 289 (1964).

At par. 71(A), Plaintiffs allege that my website accused Jeremy Richman, father of Avielle Richman, of "having fabricated his daughter's identity and faked her death 'to steal money from hard-working Americans.'" At par. 71(B), they say the website "further stated that Jeremy Richman and Jennifer Hensel continue to deceive and defraud the American public and collect donations for the Avielle foundation, for Avielle Richman, claiming she is dead, when in

---

[1] For the court's information, Leonard Pozner sued me in district court in Florida, but never appeared, even when ordered by the court to submit to a deposition. Thus, his case was dismissed.

5

reality she is alive and was never their daughter." At par. 71(D) they say the website published images, text, and video asserting that plaintiffs William Aldenberg and David Wheeler are the same person, who is a crisis actor. These are the only statements set forth which refer to any of the plaintiffs by name; but because no date is provided, they too fail the test of specificity.[2] Lastly, at paragraphs 139 and 140, referring to an appearance I made on Alex Jones's show on May 13, 2014, I am quoted as saying "Children did not die, teachers did not die, on December 14, 2012," and "Sandy Hook, a school massacre, the biggest illusion ever portrayed by Homeland Security and FEMA." Again none of the plaintiffs are referred to by name.

A review of the Complaint turns up no other allegations that even arguably set forth statements about any of the plaintiffs personally, let alone meet the requirements of specificity. This means they have not adequately alleged injury personal to themselves, so lack standing to sue. The same is true also in connection with their claims of intentional and negligent infliction of emotional distress, to the extent they might be construed as not relying simply on false statements: the only allegation I can find which arguably supports the claims of emotional distress is the one that I "filmed and harassed children families [sic] at the St. Rose of Lima church in Newtown, Connecticut, on June 2, 2015." Par. 60. Even if true (and of course I dispute that it is), they do not say that *they* were filmed and harassed. An allegation of injury to third persons does not confer standing on the plaintiffs.

Plaintiffs' lack of standing means that this court lacks subject matter jurisdiction over the suit against me, as a matter of hornbook law. "Standing is '[t]he requisite personal interest that must exist at the commencement of the litigation.'" *Pharmacia Corp. v. Suggs*, 932 So. 2d 95,

---

[2] The plaintiffs even note, at par. 71(E), that the website was taken down in August 2016, two years ago.

98 (Ala. 2005). When a statement is not "of and concerning" the plaintiff he lacks standing to sue. *Vice v. Kasprzak*, 318 S.W. 3d 1, 14 (Tex. App. 2009); *Marshall Investments Corp. v. R.P. Carbone Co.*, 2006 WL 2644959, at *4 (E.D. La. Sept. 13, 2006). The plaintiffs' lack of standing means this court lacks subject matter jurisdiction to hear the case, and it must be dismissed.

Dated this \_\_\_ day of July, 2018.

BY DEFENDANT HALBIG PRO SE:

Wolfgang Halbig
25526 Hawks Run Lane
Sorrento, FL   32776

## CERTIFICATE OF SERVICE

I certify, by my signature below, that I have served the foregoing "Halbig's Motion to Dismiss, with Legal Authority Incorporated" on the other parties this \_\_\_ day of July, 2018, by email to, and by depositing a copy in the U.S. mail, postage prepaid, addressed as follows:

William M. Bloss, Esq.
Matthew S. Blumenthal, Esq.
Koskoff Koskoff & Bieder
350 Fairfield Ave.
Bridgeport, CT   06604

Jay Marshall Wolman (433791)
100 Pearl Street
14th Floor
Hartford, Ct 06103

Regnier Taylor Curran & Eddy (049254)
100 Pearl Street
4th Floor
Hartford, Ct 06103

Wilson Elser Moskowitz Edelman & Dicker (412712)
1010 Washington Blvd

8th Floor
Stamford, Ct 06901