UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ERICA LAFFERTY, et al., : | | CIVIL ACTION NO. |
| Plaintiffs, : | | 3:18-CV-1156 (JCH) |
| : | | |
| v. : | | |
| : | | |
| ALEX EMERIC JONES, et al., : | | NOVEMBER 20, 2018 |
| Defendants. : | | |

# RULING RE: DEFENDANT HALBIG'S MOTION FOR RECONSIDERATION (DOC. NO. 59)

Defendant, Wolfgang W. Halbig, has requested the court to reconsider its Ruling on the Motion to Remand (Doc. No. 58).

The standard for granting a motion for reconsideration is strict. Reconsideration will be granted only if the moving party can identify controlling decisions or data that the court overlooked and that would reasonably be expected to alter the court's decision. See Analytical Surveys, Inc. v. Tonga Partners, 684 F.3d 36, 52 (2d Cir. 2012) (citing Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). When reviewing a motion for reconsideration, the court considers three questions: (1) whether there has been "an intervening change of controlling law;" (2) whether the movant is presenting new evidence that was not available when the original motion or response was filed; and (3) whether there is a "need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits,

1

or otherwise taking a second bite at the apple." Analytical Surveys, 684 F.3d at 52 (internal quotation marks omitted).

In his Request, Halbig states that he had traveled out of state at approximately the same time as the plaintiff's filed their Reply on the Motion to Remand. He disputes the materials submitted by plaintiff's counsel in the Reply. Nothing in Halbig's Request suggests that there has been a change in law or that there was new evidence that was not available when he originally filed his Opposition to the Motion to Remand. The court does not discern in his Request any basis to conclude that there is a need to correct clear error or prevent manifest injustice. In essence, Mr. Halbig seeks to have this court find that he is not liable to the plaintiffs and therefore, he is a fraudulently joined party. However, as the court explains in its Ruling, a Motion to Remand is not a time for consideration of the merits of the case, but is merely a time to determine if it is possible that the plaintiffs have a claim against the defendant in question. The court concluded in its Ruling (Doc. 58) that it clearly was possible. Nothing in Mr. Halbig's Request, or his recent Affidavit, leads the court to conclude otherwise. Therefore, the Request to Reconsider (Doc. No. 59) is denied.

**SO ORDERED.**

Dated at New Haven, Connecticut this 20th day of November, 2018.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge